UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INDEPENDENCE INSURANCE | : | |
| SERVICE CORPORATION | : | |
|     Plaintiff | : | CIVIL ACTION NO. |
| | : | 3-04-cv-1512 (JCH) |
| v. | : | |
| | : | |
| HARTFORD LIFE INSURANCE | : | MARCH 30, 2006 |
| COMPANY, ET AL | : | |
|     Defendants | : | |

**RULING RE: MOTION TO DISMISS (DOC. NO. 53)**

Pending before this court is the Motion to Dismiss Plaintiff's Second Amended Complaint filed by defendants, Hartford Life Insurance Company and Hartford Life and Accident Insurance Company (Doc. No. 53). For the reasons that follow, the court DENIES the defendants' Motion to Dismiss.

The court assumes familiarity with the facts alleged. See Second Am. Compl. (Doc. No. 47). Defendants assert a number of grounds in support of their Motion to Dismiss all counts in the Second Amended Complaint. The court addresses them in turn.

**DISCUSSION**

    1.    **Standard of Review**

In considering such a motion, the court must accept the factual allegations alleged in the complaint as true and all inferences must be drawn in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984). However, "bald assertions and conclusions of law will not suffice to state a claim . . . ." Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000), abrogated on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)

(citation omitted).

"Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). Accordingly, a court is bound to accept as true all factual allegations in the complaint and draw all inferences from those allegations in the light most favorable to the plaintiff. See, e.g., Scheuer v. Rhodes, 416 U.S. at 236. This is so even if the plaintiff is unlikely ultimately to prevail. "Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." Branham v. Meachum, 77 F.3d 626, 628 (2d Cir. 1996) (quoting Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995) (internal quotation marks omitted)).

### 2. Count One: Breach of Contract

Defendants claim that the breach of contract claim fails because it fails to state a claim for relief and because it is barred by the statute of limitations. Defendants' arguments rest on a misperception of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 8 provides: "(2) a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a). There are no heightened pleading requirements under the federal rules, with the exception of Fed. R. Civ. P. 9. Thus, taking the plaintiff's Second Amended Complaint and accepting the factual allegations in the Complaint, it is indisputable that the plaintiff has alleged a cause of action for breach of contract. While the defendants wish to cabin small sections of the contract and the Complaint, and to construct an artifice that suggests that there are no

contractual obligations which would support the allegations of a breach, the plaintiff has alleged a contract, Second Am. Compl. ¶ 17, it has summarized the defendants' obligations under the contract, id. at ¶¶ 18 & 19, and it has detailed a number of breaches of that contract, see e.g., id. at ¶¶ 26 and 27.  A fair reading of the Second Amended Complaint would support the inference that the allegations in paragraphs 31 and 32 of the Second Amended Complaint, concerning the lapsing of approvals in various states, occurred after September 1999.  The breach of the best efforts clause in connection with obtaining approvals and in maintaining compliance of the policies certainly states a breach of the contract terms within the applicable statute of limitations.  See Conn. Gen. Stat. § 52-576(a).

      Defendants also argue that Count Two is barred by the statute of limitations, arguing that a three-year statute of limitations is applicable to a breach of implied covenant of good faith and fair dealing.  Accepting for the purposes of this Ruling that a three-year statute applies to this cause of action, a conclusion which this court does not reach, the allegations of the Second Amended Complaint are still within that three-year statute of limitations.  The allegations of the Second Amended Complaint are such that the court must accept that the defendant continued to be involved with long-term health care insurance after October 2001 (a time within the statute of limitations argued by the defendants).  See e.g., Second Am. Compl. ¶46.  While a thrust of this cause of action rests upon the alleged failure of the defendants to maintain the policies in compliance, which alleged breaches did not have a specific time period alleged, see id. at ¶¶ 31 and

32, the court cannot conclude that such conduct falls outside the statute of limitations.[1]

### 3. Count Three: CUTPA

Defendants argue that the CUTPA claim set forth in Count Three is also time barred, and that the allegations in Count Three "lack the particularity required by applicable federal and state pleading standards." Defs.' Mem. Supp. Mot. Dismiss (Doc. No. 54) at 22. Again, the court reminds the defendants that the requirements of Rule 8 are quite minimal: "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). There are no particularized pleading requirements in the federal court, with the exception of fraud allegations as covered in Fed. R. Civ. P. 9. See Szwierkiewicz v. Sorema, 534 U.S. 506, 514 (2002). While the court agrees with the defendants that Count Three does not currently allege a cause of action under CUTPA that would be based upon fraud, it is well established that CUTPA does not require fraud. See Sportsmen's Boating Corp. v. Hensley, 192 Conn. 747, 755 (1984); Hinchcliffe v. Amer. Motors Corp., 184 Conn. 607, 616 (1981). The plaintiff's Second Amended Complaint does set forth sufficient allegations to support a CUTPA cause of action resting upon unfair practices and deceptive practices short of fraud. See e.g., Bridgeport Restoration Co., v. A. Petrucci Constr. Co., 211 Conn. 230 (1989).

Defendants also argue that Count Three fails to allege facts demonstrating a violation of any recognized public policy or established concept of fairness. Even if the defendants were correct in this respect, which the court does not necessarily conclude,

---

[1] This illustrates a major difficulty with defendants' Motion to Dismiss: defendants seek, in the guise of a Motion to Dismiss, to make a motion for summary judgment based upon a special defense of statute of limitations, which defense they have not yet pled.

their argument would fail because the allegation includes an allegation of deceptive conduct, which does not require proof of the "cigarette rule." See Langer, Morgan & Belt, 12 Connecticut Practice Series § 2.3 (2d ed. 2003), see also Edmands v. Cuno, Inc., 277 Conn. 425, n.16 (2006) (describing the cigarette rule). Certainly, promising to make "best efforts," and not long thereafter allegedly failing to do so, would suggest there might be facts upon which a deceptive CUTPA cause of action could be proved. On the face of the Second Amended Complaint, a CUTPA cause of action has been pled involving a Connecticut corporation who is alleged to have engaged in unfair and deceptive trade practices in connection with long-term insurance policies. It cannot be said that under this Count, no relief could be granted under CUTPA.

  **4.**  **Count Four:  Negligent Misrepresentation**

  Finally, the defendants argue that Count Four has not been properly pled. In making their argument that Count Four does not allege a negligent misrepresentation cause of action, the defendants misread the allegations of the Second Amended Complaint and seek to interpret them in a tortured way. The plaintiff has alleged that statements were made by defendants' representative that the plaintiff alleges were false. See Second Am. Compl. ¶ 64. The plaintiff alleges that the representative who made these statements knew or should have known they were false. Id. at ¶ 63. Further, the plaintiff alleges that it reasonably relied upon those statements "and continued to market the policy in California and suffered substantial financial damage as well as irreparable harm to its reputation . . . ." Id. at ¶ 65. What more is required to allege a negligent misrepresentation claim is unknown to this court. See Glazer v. Dress Barn, Inc., 274 Conn. 33, 73 ("[A]n action for negligent misrepresentation

requires the plaintiffs in the present case to prove that [the defendant] made a misrepresentation of fact, that [the defendant] knew or should have known that it was false, that the plaintiff reasonably relied upon the misrepresentation, and that the plaintiff[] suffered pecuniary harm as a result thereof.")

In arguing that Count Four is "nothing more than a breach of contract claim dressed up as a tort claim," Defs.' Mem. Supp. Mot. Dismiss at 30, the defendants have apparently misread paragraph 65 of the Second Amended Complaint. Defendants claim that paragraph 65 "necessarily attributes the alleged damage under Count Four to the actual lapse of Policy approval in California . . . . " Id. at 30-31. However, paragraph 65 does not make that allegation. Indeed, it states that, in reasonable reliance upon these allegedly false statements, Independence suffered substantial financial damage.[2]

### 5. Punitive Damages

Lastly, the defendants request that the claim for common law punitive damages be stricken from the plaintiff's prayer for relief on the grounds that no cause of action provides a basis for punitive damages under Connecticut law. The plaintiff appears to accept the proposition that common-law punitive damages would not be available to it under Counts One and Four. However, plaintiff responds that it has pled sufficient allegations to permit it to seek relief punitive damages under Count Two and Three.

With respect to Count Two, the plaintiff seeks common law punitive damages. Under Connecticut common law, punitive damages may be awarded only for "wanton or

---

[2] "Independence reasonably relied upon the statements made by Thomas Doran, and continued to market the Policy in California, and suffered substantial financial damage as well as irreparable harm to its reputation when, in fact, the Policy approval lapsed in California. Second Am. Compl. ¶ 65.

wilful malicious misconduct." Label Sys. Corp. v. Aghamohammadi, 270 Conn. 291, 335 (2004). In light of the Rule 8 pleading standard, Independence has alleged sufficient facts to support an inference of this type of misconduct. See, e.g., Second Amended Complaint ¶ 37 (alleging that Hartford "willfully embarked on the course of conduct whereby its commitment to the Contract and indeed the success of the Policy was critically diminished when it entered into the agreement to underwrite and promote LTCG's long term health care policy."); see also id. at ¶¶ 39, 42-43, 46, 48 (alleging "bad faith"); see generally id. at ¶¶ 38, 40-41, 44-45, 47 (describing actions that are the basis for Count II).

With respect to Count Three, CUTPA "expressly allows the award of punitive damages . . . ." MedValUSA Health Programs, Inc. v. MemberWorks, Inc., 273 Conn. 634, 662 (2005) (citing Conn. Gen. Stat. § 42-110g (a)). "In order to award punitive or exemplary damages [for a CUTPA violation], evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights. In fact, the flavor of the basic requirement to justify an award of punitive damages is described in terms of wanton and malicious injury, evil motive and violence." Gargano v. Heyman, 203 Conn. 616, 622 (1987) (internal citations omitted), cited in Langer, Morgan & Belt, 12 Connecticut Practice Series § 6.11. While expressing no view as to whether the plaintiff can ultimately carry its burden of proof on this issue at trial, the court finds that the allegations in the complaint allege sufficient facts to survive a motion to dismiss on the claim for punitive damages under CUTPA.

Therefore, for the foregoing reasons, the court DENIES the defendants' Motion to Dismiss in its entirety.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 30th day of March, 2006.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge